**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GLIMPSE LLC (DBA SKYLIGHT),<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Case No. 26-cv-8723<br><br>Judge Georgia N. Alexakis<br>Magistrate M. David Weisman |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION, ASSET RESTRAINT, AND EXPEDITED DISCOVERY**

This Court properly entered a TRO restraining Defendants from further infringement of Skylight's trade dress, copyright, and trademark. Dkt. 16. The record establishes a likelihood of success on the merits, irreparable harm, and that the balance of equities and public interest favor injunctive relief. Defendants, on the other hand, present no evidence in support of their opposition. Accordingly, the Court should enter a preliminary injunction on the same terms as the TRO and enter an asset restraint narrowly tailored to Defendants' sales of the accused products.

## I. ARGUMENT

Based on the evidence and argument Skylight previously provided, and as explained further below, the requirements for a preliminary injunction and asset restraint are satisfied.

### A. Skylight is Likely to Succeed on the Merits

#### a. Skylight is Likely to Succeed on its Trade Dress Infringement Claim

Defendants appear to make the remarkable assertion that the accused products do not infringe the Skylight Trade Dress because "the [p]roducts ***[c]opy*** the [o]verall [l]ook of Plaintiff's Wall Planner / Digital Photo Frame." Opp. at 5 (emphasis added). Defendants further assert that

"[a]t least four out of the accused products do not show anything [*sic*] pictures with digital calendar" and that Defendants market the accused devices as photo frames rather than calendars. *Id* at 5–6. Defendants' arguments are unavailing for multiple reasons.

First, Defendants' admission that they copied Skylight's "Wall Planner / Digital Photo Frame" is not evidence that they do not infringe the Skylight Trade Dress; it's evidence that Defendants copy. Second, whether the accused products can also function as digital photo frames is irrelevant. Third, Defendants' reliance on a screenshot from a portion of a single Amazon listing, allegedly captured on September 24, 2026, is misleading and disingenuous. Opp. at 5. As Exhibits 1 and 6 to the Complaint show, ***each*** accused product is marketed as a "digital calendar," and ***each*** marketplace listing featured at least one image or video of the accused digital-calendar interface. Dkt. 2, Exs. 1, 6. Fourth, Defendants do not dispute that evidence shows that the calendar interface of the accused products is similar to the Skylight Trade Dress. Instead, they ignore that evidence and try to manufacture a non-infringement argument by offering what appears to be a modified and/or cropped excerpt of one listing, suggesting it uses only digital photo frame images. That is improper, contrary to the evidence, and not supported by any declaration.

Defendants contend that "[t]he product photographs show the accused goods operating as a photo frame" and that such use is "descriptive use of a functional display mode, not a source-identifying trade dress." Opp. at 6. This is a strawman argument. Skylight does not contend that displaying photos infringes the Skylight Trade Dress.

Defendants baselessly assert that Skylight "has not proved secondary meaning" and contend that Skylight offers "none" of the evidence relevant to that inquiry. Opp. at 7–8. But Defendants ignore the extensive record evidence that Skylight presented in the supporting declaration of Aviv Gilboa regarding these factors. Dkt. 11-3. Skylight has presented substantial

evidence supporting secondary meaning, including continuous use of the Skylight Trade Dress for over three years, extensive advertising and promotion, significant sales and market recognition, industry awards, and Defendants' copying of the asserted Trade Dress. Dkt. 11-3 ¶¶ 5, 8–27, 29, 42. Defendants fail to refute or even address this evidence, which is more than sufficient to establish a likelihood that the Skylight Trade Dress has acquired secondary meaning.

Defendants fault Skylight for not submitting survey evidence of secondary meaning. However, survey evidence—particularly at the preliminary injunction stage—is not required to establish secondary meaning. *See, e.g., Health o meter, Inc. v. Terraillon Corp.*, 873 F. Supp. 1160, 1173 (N.D. Ill. 1995); *Miyano Machinery USA, Inc. v. MiyanoHitec Mach., Inc.*, 576 F. Supp. 2d 868, 881 (N.D. Ill. 2008); *Weber-Stephen Prods. LLC v Sears Holding Corp.*, 2015 WL 5161347, at *5 (N.D. Ill. Sept. 1, 2015); 2 McCarthy on Trademarks and Unfair Competition § 15:30 ("Survey data is direct evidence of secondary meaning. But survey evidence is not required. Secondary meaning can be, and most often is, proven by circumstantial evidence.").

Defendants assert that the Complaint "defeats exclusivity" because it alleges there are "well over 200" digital calendar SKUs on Amazon. Opp. at 8. That argument is unsupported. The Complaint does not allege that the SKUs also use the Skylight Trade Dress. *Id.* The Complaint nowhere alleges, nor do Defendants show, "[w]idespread third-party use of the same category look" that Defendants claim exists. *Id.* Further, Defendants' reliance on *Blau Plumbing* is misplaced. Opp. at 8. There, the Seventh Circuit found no evidence that the asserted feature was used as a source identifier and instead was presented merely as informational content. *Blau Plumbing, Inc. v. S.O.S. Fix-It, Inc.*, 781 F.2d 604, 610 (7th Cir. 1986). By contrast, as noted above, Skylight has presented substantial evidence that consumers associate the Skylight Trade Dress with Skylight.

Defendants assert that three-years is too short a period to acquire secondary meaning. Opp. at 8. Defendants are incorrect. The law imposes no minimum duration of use required to establish secondary meaning. *See Keystone Camera Prods. Corp. v. Ansco Photo-Optical Prods. Corp.*, 667 F. Supp. 1221, 1231 (N.D. Ill. 1987) ("Given mass marketing techniques, no *per se* rule can be set as to the amount of time necessary to establish 'secondary meaning.'"); *Pride Commc'ns Ltd. P'ship v. WCKG, Inc.*, 851 F. Supp. 895, 902 (N.D. Ill. 1994) (finding secondary meaning where plaintiff used its mark for more than two years); *Ty, Inc. v. Jones Grp., Inc.*, 98 F. Supp. 2d 988, 997–98, 1002 (N.D. Ill. 2000) (less than three years of use did not preclude a finding of secondary meaning).

Defendants argue that "[t]he claimed trade dress is functional and therefore unprotectable." Opp. at 8. This conclusory assertion is unavailing. Defendants' functionality argument improperly dissects the Skylight Trade Dress into individual elements rather than evaluating the overall design. Trade dress protects a product's total image, and a particular combination or arrangement may be nonfunctional even if some components serve practical purposes. *Millennium Labs., Inc. v. Ameritox, Ltd.*, 817 F.3d 1123, 1130–31 (9th Cir. 2016) (evaluating the functionality of a graphical format of presenting data by looking to the overall visual impression that the combination and arrangement of its elements creates) (cleaned up); *Am. Greetings Corp. v. Dan-Dee Imports, Inc.*, 807 F.2d 1136, 1143 (3d Cir. 1986) (a combination of functional and non-functional features can be protected as trade dress); *I.P. Lund Trading ApS v. Kohler Co.*, 163 F.3d 27, 37 (1st Cir. 1998) (functional elements may be protectable when arranged in a nonfunctional combination). Here, Skylight does not claim exclusive rights in individual features, but in the specific selection, coordination, and arrangement of features that create the Skylight Trade Dress's overall distinctive appearance. Defendants' analysis therefore necessarily fails.

Further, the Skylight Trade Dress is not essential to the use or purpose of the infringing products and the utilization of the Skylight Trade Dress does not affect the cost or quality compared to other alternative designs that competitors could use for their own products. *See TrafFix Devices, Inc.*, 532 U.S. 23, 32 (2001) (A product feature is functional, the Court said, "if it is essential to the use or purpose of the article or if it affects the cost or quality of the article"); Dkt. 11-3 ¶ 28. Further, it would not put competitors at a significant disadvantage if they could not use the distinctive design of the Skylight Trade Dress. *Arlington Specialties, Inc. v. Urb. Aid, Inc.*, 847 F.3d 415, 419 (7th Cir. 2017) (A product feature can be functional if it is a "competitive necessity," that is, if its exclusive use "would put competitors at a significant non-reputation-related disadvantage") (citation omitted); Dkt. 11-3 ¶ 28. The Skylight Trade Dress represents one of many possible ways to organize and display information.[1] For example, a calendar may be displayed using different layouts, color schemes, shapes, navigation structures, screen organizations, and combinations thereof. Defendants offer no argument or evidence to the contrary. Accordingly, Skylight is likely to establish a *prima facie* case of trade dress infringement and is therefore entitled to preliminary relief.

**b. Skylight is Likely to Succeed on its Copyright Infringement Claim**

Skylight has also shown a likelihood that it will prevail on its copyright infringement claim. Here, Skylight has shown that it owns a valid copyright covering promotional material that is registered with the U.S. Copyright Office. Dkt. 11-3 ¶ 30; Dkt. 2-4 (Ex. 2). Defendants' arguments to the contrary are unavailing. Defendants argue that Skylight "cannot monopolize the idea of a

---

[1] In a separate action where Skylight has asserted the Skylight Trade Dress, a defendant has agreed to adopt a "materially redesigned" interface, demonstrating that effective alternative designs are readily available. *See Glimpse LLC v. The Partnerships and Unincorporated Associations Identified in Schedule A,* Case No. 1:26-cv-07475, Dkt. 25 at 6; 25-1 ¶7.

digital frame showing family photos" and discuss "family-photo-on-screen presentation," "kids, kitchens, wall-mounted 15.6-inch glass," and similar concepts. Opp. at 10, 13. But Skylight is not asserting such copyright protection. Nor has Skylight asserted copyright in phrases such as "Digital Photo Frame Share Moments from Anywhere" or "Hearth Display Digital Calendar." Opp. at 10–11. Rather, the asserted copyright covers Skylight's promotional material as a whole, as shown below. Dkt. 11-3 ¶¶ 30, 31; Dkt. 2-4 (Ex. 2).




Defendants argue that copyright does not protect useful articles, systems, or ideas. Opp. at 11. But Skylight does not make any such assertion, as explained above.

Defendants assert that the claimed copyright is "a thin work and some of the elements are not protectable." Opp. at 12–13. But Defendants improperly dissect Skylight's copyrighted work into isolated elements. *See Wallace Comput. Servs., Inc. v. Adams Bus. Forms, Inc.*, 837 F. Supp. 1413, 1418–19 (N.D. Ill. 1993) ("[A] proper analysis requires that all of the elements be considered as a whole"; "[i]t is the *combination* of many different elements which may command copyright protection because of its particular subjective quality." (citation omitted).) Even assuming arguendo that some individual components would not be independently protectable, their particular combination and arrangement may constitute protectable expression. *See Stillman v. Leo Burnett Co.*, 720 F. Supp. 1353, 1361 (N.D. Ill. 1989) ("Yet, the synergy of these nonprotectible elements in the Eastern commercial creates a whole that is greater than the sum of its parts.").

Skylight has submitted extensive evidence of substantial similarity to support a reasonable

inference of copying. Dkt. 11-3 ¶ 47; Dkt. 2-2–2-3 and 2-7 (Exs. 1, 7). Defendants copied Skylight's promotional language as well as its placement and the visual presentation. *See Arica Inst., Inc. v. Palmer*, 970 F.2d 1067, 1073 (2d Cir. 1992) ("[A] defendant's copying of an ordinary word or phrase is actionable where she has also appropriated enough of plaintiff's sequence of thoughts, choice of words, emphasis, and arrangement to satisfy the minimal threshold of required creativity.") (cleaned up).

The substantial similarities far outweigh the minor differences Defendants identify. Opp. at 13; *Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1105–06 (N.D. Ill. 2005) (concluding that the alleged differences identified by defendant were insufficient to distract from the "total concept and feel" of the works at issue). Further, as noted above, Defendants offer no explanation for these substantial similarities, and Defendants' copying of Skylight's copyrighted designs is the most plausible explanation. *Innovations Indus., LLC v. P'ships Identified on Schedule A*, 2025 WL 2996794, at *2 (N.D. Ill. Oct. 24, 2025) (substantial similarity exists if copying is a better explanation for the similarities than pure coincidence). Indeed, Defendants do not dispute they had access to Skylight's copyrighted work or that Skylight has made extensive public use of the Skylight Copyright. Dkt. 11-3 ¶¶ 8, 10, 30, 31; Ex. 3.

Defendants present no evidence that they independently created their infringing promotional materials, which further supports a finding of copying. *See, JCW Invs., Inc. v. Novelty, Inc*., 482 F.3d 910, 915 (7th Cir. 2007); *Innovations Indus.,* 2025 WL 2996794, at *2. Lastly, Defendants argue that the timing of Skylight's registration somehow "weaken[s] the claim." Opp. at 14. But Defendants' argument is directed at statutory damages and attorneys' fees, which are irrelevant to showing whether Skylight will prevail on its copyright infringement claim. Accordingly, Skylight is likely to establish a prima facie case of copyright infringement and is

therefore entitled to preliminary relief.

**c. <u>Skylight is Likely to Succeed on its Trademark Infringement Claims</u>**

Skylight has also shown a likelihood that it will prevail on its trademark infringement claims. Defendants assert, without authority, that the DROP THE STRESS. NOT THE BALL is a "tagline" under the SKYLIGHT® house mark, and therefore not capable of trademark protection. Opp. at 14–15. But that is not the law. The DROP THE STRESS. NOT THE BALL Mark is protectable because it is an arbitrary mark, i.e., it is being used in connection with goods unrelated to the mark's meaning. *See Custom Vehicles, Inc. v. Forest River, Inc.*, 476 F.3d 481, 486 (7th Cir. 2007); *Sullivan v. CBS Corp.*, 385 F.3d 772, 776 (7th Cir. 2004). Further, Defendants admit that registration provides prima facie evidence of its validity as a trademark and of Skylight's exclusive right to use the mark on the identified goods. Opp. at 15; 15 U.S.C. § 1115(a). Defendants offer no evidence sufficient to overcome that presumption.

Defendants argue that they "did not use the phrase as a mark" because they use the phrase on product materials bearing their own brand names. Opp. at 15. But Defendants cannot avoid trademark infringement simply by displaying its own mark next to an infringing trademark. Defendants' fair use argument also fails. *Id.* at 16. The fair use defense requires a defendant to demonstrate that the phrase is descriptive of its goods and services and that it used the phrase "fairly and in good faith" only to describe its goods. *Ill. Tamale Co., Inc. v. LC Trademarks, Inc.*, 164 F.4th 648 (7th Cir. 2026) (citing § 1115(b)(4)). But the phrase DROP THE STRESS, NOT THE BALL is not descriptive of Defendants' digital calendars or their benefits—as explained above, it is arbitrary. Further, Defendants cannot show that they used the phrase fairly and in good faith, as they copied Skylight's trademark verbatim.

Defendants do not meaningfully analyze any of the likelihood of confusion factors,

"thereby tacitly conceding the factors weigh in [Skylight's] favor at this stage." *Qui v. The P'ships & Unincorporation Ass'ns Identified on Schedule "A",* 2026 WL 766046, at *4 (N.D. Ill. Mar. 18, 2026). The first three factors strongly favor Skylight because Defendants have used Skylight's exact mark on the same digital touch-screen calendar products and market those products through the same online sales channels, including Amazon.com. The fourth factor favors Skylight because consumers for each party's products are diverse with varying degrees of sophistication, and therefore are likely to have difficulty distinguishing genuine Skylight products from Defendants' products. The fifth factor also favors Skylight because the mark is conceptually strong as an arbitrary mark and commercially strong due to Skylight's substantial and continuous sales, advertising, promotion, and protection of the mark. Dkt. 11-3 ¶¶ 29, 41–42.

Defendants fault Skylight for not submitting survey evidence of actual confusion. Opp. at 16. But evidence of actual confusion is not required to prove likelihood of confusion, particularly at the preliminary injunction stage. *See CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 685 (7th Cir. 2001); *Abbott Lab'ys v. Mead Johnson & Co.,* 971 F.2d 6, 15 (7th Cir. 1992). Regarding the intent of the defendants to "palm off" its products as that of another, that intent is demonstrated by, at least, Defendants' use of exactly the same phrase, and by Defendants' concurrent trade dress and copyright infringement. Accordingly, Skylight is likely to establish a prima facie case of trademark infringement and is entitled to a preliminary injunction.

### B. Skylight Would Be Irreparably Harmed in the Absence of Preliminary Relief

Defendants misunderstand and ignore that damages caused by trade dress and trademark infringement "are by their very nature irreparable and not susceptible of adequate measurement for remedy at law." *Processed Plastic Co. v. Warner Commc'ns*, 675 F.2d 852, 858 (7th Cir. 1982). There is a rebuttal presumption of irreparable harm where, as here, Skylight has shown a likelihood

of succeeding on its infringement claims. *See* 15 U.S.C. § 1116(a). Defendants also ignore that Skylight is entitled to a presumption of irreparable harm on its copyright infringement claim because it also has shown a likelihood of success on the merits as to that claim. *Spinmaster, Ltd.*, 404 F. Supp. 2d at 1111. Defendants submit no evidence to rebut those presumptions.

### C. <u>The Public Interest Favors a Preliminary Injunction</u>

With respect to Skylight's trade dress and trademark infringement claim, the public interest would be served by an injunction because injunctive relief would prevent consumer confusion. *USA-Halal Chamber of Commerce, Inc. v. Best Choice Meats, Inc.*, 402 F. Supp. 3d 427, 440 (N.D. Ill. 2019). With respect to Skylight's copyright infringement claim, the public interest would be served by an injunction because otherwise creativity would be discouraged due to the lack of protection accorded to creator's rights. *Spinmaster*, 404 F. Supp. at 1112. Thus, the public interest also weighs in favor of injunctive relief.

### D. <u>Preventing the Fraudulent Transfer of Assets is Appropriate</u>

Defendants fail to meaningfully engage with Skylight's arguments concerning its request for a narrowly tailored asset restraint. Dkt. 20-1 at 4-7; Opp. at 18. Indeed, Defendants appear to concede that the Court has inherent equitable authority to grant an asset restraint for an equitable accounting of Defendants' profits from sales of Infringing Products. Opp. at 18. Accordingly, for all the reasons set forth in Skylight's opening brief, the Court should, for each Defendant, restrain assets up to the amount of that Defendant's Net Ordered GMS attributable to the accused products, as reflected in Amazon's records.

## II. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter a preliminary injunction and asset restraint against Defendants in the form submitted.

October 13, 2026

Respectfully Submitted,

*/s/ Marko R. Zoretic*
Marko R. Zoretic (CA Bar. No. 233952)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502
Marko.zoretic@knobbe.com

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Ying Chen (IL Bar No. 6346961)
Flener IP Law, LLC
77 West Washington Street, Suite 800
Chicago, Illinois 60602
(312) 724-8874
jjudge@fleneriplaw.com

*Counsel for Plaintiff Glimpse LLC*