**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GLIMPSE LLC (DBA SKYLIGHT),<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Case No. 26-cv-08723<br><br>Judge Georgia N. Alexakis<br><br>Magistrate Judge M. David Weisman |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)**

Plaintiff Glimpse LLC, d/b/a Skylight, ("Plaintiff") respectfully moves for an Order authorizing electronic service pursuant to Federal Rule of Civil Procedure 4(f)(3). Plaintiff has been unable to verify Defendants Akimart's and MK-FRAME's physical address despite its diligent efforts. Accordingly, service of process pursuant to the Hague Service Convention is not applicable. Plaintiff seeks an Order from this Court pursuant to Rule 4(f)(3) authorizing service of process upon these Defendants by electronic means reasonably calculated to provide Defendants with actual notice of this action.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) permits service on a party in a foreign country "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). But if the Hague Service Convention applies, service by email is not appropriate because it prohibits service by email. *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co., Ltd.*, 177 F.4th 793, 801 (7th Cir. 2026). However, the Convention "shall not apply where the address of the person to be served with the document is not known." *Id.* at 799. In determining whether the

Convention applies, courts "typically require plaintiffs to make 'reasonably diligent efforts to ascertain and verify [the] defendant's mailing address.'" *Id.* (quoting *NBA Props., Inc. v. P'ships and Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021)).

Service made under Rule 4(f)(3) must also satisfy due process. *See Kangol*, 177 F.4th at 799–802. The proposed alternative method must be reasonably calculated "under all the circumstances" to apprise Defendants of the pendency of the action and afford an opportunity to respond. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

## II. ARGUMENT

### A. No serviceable physical address has been found despite Plaintiff's diligent efforts.

Plaintiff has undertaken diligent, reasonable efforts to determine Defendants' serviceable physical address. Plaintiff has engaged an investigator in China to verify the business address of the Defendants. On October 7, 2026, the investigator provided reports concluding that the premises associated with the address associated with the two of the Defendants, Akimart ("Shenzhenshi ruikundashangmao youxiangongsi") and MK-FRAME ("Shenzhen shi cheng jin xuan ke ji you xian gong si"), as set forth in the Amazon Seller Profile (Dkt. 11-2 (Gilboa Decl.) Exhibit 10),[1] "did not show any visible indication that the subject company maintains an active office or business operation at the address." *See* Decl. of Yinglun Ma, Exhibit A, B. Specifically, for Akimart ("Shenzhenshi ruikundashangmao youxiangongsi"), the investigator located the disclosed address and noted that the premise "appeared to be used for residential purposes rather than as an

[1] Each Defendant has failed to respond to Glimpse's September 18, 2026 discovery requests. Interrogatory No. 2 to each Defendant asked Defendant to "[i]dentify, with reference to any supporting documents, information, and materials, Your principal place of business and all addresses You use or have used to conduct business related to the sale or offer for of the Accused Products, including the dates that you used each respective address."

identifiable business office." *Id.* at Exhibit A. The investigator "did not observe any company name, business logo, office directory, or other signage identifying the subject company at or immediately outside" the disclosed premise. *Id.* For MK-FRAME ("Shenzhen shi cheng jin xuan ke ji you xian gong si"), the disclosed address identifies Room 202. Dkt. 11-2 (Gilboa Decl.) Exhibit 10. Although the investigator was able to locate Room 201 at that address, no separate Room 202 could be identified. *See* Decl. of Yinglun Ma, Exhibit B. Additionally, the investigator observed signage for two other businesses associated with Room 201, neither of which corresponds to MK-FRAME. *Id.* Accordingly, Plaintiff has demonstrated reasonable diligence to ascertain and verify the Defendants' mailing address before deeming it unknown. Because no verifiable address associated with Defendants Akimart ("Shenzhenshi ruikundashangmao youxiangongsi") and MK-FRAME "(Shenzhen shi cheng jin xuan ke ji you xian gong si") could be located, the Hague Service Convention would not apply. Rule 4(f)(3) permits this Court to authorize electronic service here because electronic service would no longer be prohibited by an applicable international agreement.

**B. Electronic service satisfies due process.**

In this case, electronic service satisfies due process because it is reasonably calculated to apprise Defendants of this action and afford an opportunity to respond. *Mullane*, 339 U.S. at 314. Specifically, email service is the method most likely to provide Defendants with actual notice. Courts in this District have determined that email service can be reasonably calculated to provide notice when the email address is directly associated with the Defendants' online commercial account or infringing activity. *See NBA Props.*, 549 F. Supp. 3d at 797–98*; Ouyeinc Ltd. v. Alucy,* 2021 WL 2633317, at *3–4 (N.D. Ill. June 25, 2021).

This is the case here. Defendants operate online accounts on Amazon's marketplace. *See* Dkt. 11-2 (Gilboa Decl.). Defendants would necessarily rely upon online communications to manage their online stores and are likely to actively monitor and maintain email addresses associated with their Amazon seller accounts. Accordingly, Plaintiff seeks authorization to serve Defendants using the email addresses connected to Defendants' Amazon Seller Profiles and any additional email addresses provided by Amazon pursuant to this Court's Order. Service by email here is reasonably calculated to provide notice and is more reliable than attempting service to an unascertained physical address.

Plaintiff will preserve and file proof of service showing the recipient email address, date and time of transmission, subject line, documents transmitted, and any bounce-back, delivery confirmation, read receipt, server response, or other available transmission record.

## III. CONCLUSION

For at least the foregoing reasons, Plaintiff respectfully requests this Court to enter an order authorizing electronic service of process on Defendants Akimart ("Shenzhenshi ruikundashangmao youxiangongsi") and MK-FRAME ("Shenzhen shi cheng jin xuan ke ji you xian gong si").

Dated: October 28, 2026

Respectfully submitted,

_/s/ James E. Judge_______________

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Ying Chen (IL Bar No. 6346961)
Flener IP Law, LLC
77 West Washington Street, Suite 800
Chicago, Illinois 60602
(312) 724-8874
jjudge@fleneriplaw.com

Marko R. Zoretic (CA Bar. No. 233952)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502
marko.zoretic@knobbe.com

*Counsel for Plaintiff Glimpse, LLC (dba Skylight)*