**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GLIMPSE LLC (DBA SKYLIGHT),
Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"
Defendants.

Case No. 1:26-cv-08723
Hon. Georgia N. Alexakis

____________________________________/

**DEFENDANTS AKIMART AND MK-FRAME'S OPPOSITION TO PLAINTIFF'S MOTION FOR ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)**

Defendants SHENZHEN SSA ELECTRONIC CO., LIMITED ("FRAME-Deal USA), Shenzhenshi Akimartshangmao youxiangongsi ("Akimart") and Shenzhen shi cheng jin xuan ke ji you xian gong si ("MK-FRAME") (collectively, "Defendants"), by and through undersigned counsel, respectfully oppose Plaintiff's Motion for Electronic Service of Process (DE 43). The addresses listed on Defendants' Amazon Seller Profiles are authentic and known. Because the addresses are known, the Hague Service Convention applies, and electronic service is prohibited under controlling Seventh Circuit authority.

## I. BACKGROUND

Plaintiff seeks an order authorizing electronic service on Akimart and MK-FRAME under Rule 4(f)(3). Plaintiff's sole basis is a declaration from an investigator who visited the addresses listed on the Amazon Seller Profiles and reported that he did not observe company signage

identifying the Defendants at those locations. See Declaration of Yinglun Ma ¶¶ 7–10, 13–16 (DE 43-2); Exhibits A & B.

The addresses Plaintiff's investigator visited are the addresses that appear on Defendants' Amazon Seller Profiles:

- Akimart: 龙华区大浪街道龙平社区龙华和平路1004号 宝龙军工业园36栋203, 深圳市, 广东 518000 CN
- MK-FRAME: 深圳市龙华区大浪街道龙平社区龙军工业区 9栋201二楼202室, 深圳市, 广东 518100 CN
- FRAME Deal-USA: 深圳市龙华区大浪街道龙平社区龙军工业区9栋201二楼右侧, 广东省518000 CN

These addresses are authentic. Defendants conduct business from the locations listed on their Amazon Seller Profiles. Plaintiff's investigator successfully located both buildings and the relevant units; he simply did not observe exterior signage bearing the exact company names used on Amazon. That does not render the addresses "unknown."

## II. ARGUMENT

### A. The Addresses Are Known, So the Hague Service Convention Applies.

The Hague Service Convention "shall not apply where the address of the person to be served with the document is not known." *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co., Ltd.*, 177 F.4th 793, 799 (7th Cir. 2026). Courts require a plaintiff to make reasonably diligent efforts to ascertain and verify a defendant's address before concluding that the address is

unknown. Id. (citing *NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021)).

Here, the addresses are known. They appear on Defendants' public Amazon Seller Profiles, which Amazon requires sellers to provide. Plaintiff's own investigator found the buildings and the specific units corresponding to the addresses. The absence of exterior signage does not make a known physical address "unknown." Many legitimate Chinese e-commerce sellers operate from residential or mixed-use units in industrial parks without posting the exact English or pinyin trade name used on Amazon. That is common practice and does not render the address unknown for purposes of the Convention. Even in Miami-Dade County, it is allowed to use residential address for office purpose. No signage is mandated.

Because the addresses are known, the Hague Service Convention applies. Under *Kangol*, when the Convention applies, service by email is not permitted. 177 F.4th at 801. Plaintiff's request for electronic service must therefore be denied.

**B. Plaintiff Has Not Shown That the Addresses Are Unknown After Reasonable Diligence.**

Plaintiff's investigation confirms rather than negates the existence of the addresses. The investigator located the buildings, entered the relevant floors, and photographed the premises. *See* Ma Decl. ¶¶ 7–9, 13–15. He simply did not find signage matching the Amazon trade names. That is insufficient to establish that the addresses are unknown.

Plaintiff has not attempted service through China's Central Authority under the Hague Convention, nor has it shown that any such attempt would be futile. The Convention requires that service be effected through the Central Authority when the address is known. Plaintiff's

decision to skip that step and seek email service instead does not satisfy the "address not known" exception.

**C. Electronic Service Is Not Authorized Under Rule 4(f)(3) When the Convention Applies.**

Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). When the Hague Convention applies, email service is prohibited by international agreement. *Kangol*, 177 F.4th at 801. Because the addresses are known, the Convention applies, and the Court lacks authority to authorize electronic service under Rule 4(f)(3).

## III. CONCLUSION

The addresses listed on Defendants' Amazon Seller Profiles are authentic and known. Plaintiff's investigator located those addresses. The Hague Service Convention therefore applies, and electronic service is prohibited under Kangol. Defendants respectfully request that the Court deny Plaintiff's Motion for Electronic Service of Process (DE 43) and require Plaintiff to effect service in accordance with the Hague Service Convention.

Dated: November 4, 2026

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
9000 SW 157th Street
Palmetto Bay, Florida 33157
Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com

Counsel for Defendants Akimart, Frame-Deal USA and MK-FRAME