**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GLIMPSE LLC (DBA SKYLIGHT),<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Case No. 26-cv-8723<br><br>Judge Georgia N. Alexakis<br>Magistrate M. David Weisman |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)**

## I. INTRODUCTION

Plaintiff's evidence establishes that it exercised reasonable diligence to ascertain and verify Defendants' addresses, consistent with what two judges in this District have recently found sufficient under *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co., Ltd.*, 177 F.4th 793, 799 (7th Cir. 2026). Defendants offer no competent evidence to rebut that showing, relying instead on counsel's unsupported assertions that the addresses are authentic.

## II. ARGUMENT

Two judges in this District have recently found materially the same investigative showing sufficient to establish that defendants' addresses were unknown in parallel Glimpse Schedule A actions. In Case No. 1:26-cv-08349, this Court held that Glimpse satisfied *Kangol* where its investigator "visited [the] addresses" and "found no evidence that these defendants maintained active offices or business operations" there. *Glimpse LLC v. The Partnerships & Unincorporated Associations Identified on Schedule A*, No. 1:26-cv-08349, Dkt. 41, at 1 (N.D. Ill. Oct. 30, 2026).

The court concluded that these efforts "amount[ed] to reasonably diligent efforts to ascertain and verify these defendants' mailing addresses," rendering the addresses "not known" for purposes of the Hague Convention. *Id.*

Judge Kocoras reached the same conclusion in another parallel action. *Glimpse LLC v. The Partnerships & Unincorporated Associations Identified on Schedule A*, No. 1:26-cv-07475, Dkt. 47, at 1 (N.D. Ill. Nov. 5, 2026). There, Glimpse's investigator identified addresses for the defendants, "physically visited the addresses," and determined that the defendants "were not present there." *Id.* The court held that this showing supported the conclusion that "the addresses are not known" and granted electronic service. *Id.*

Defendants conflate the existence of a physical location with a "known" address. The relevant inquiry is whether reasonable diligence can ascertain and verify the locations as Defendants' mailing addresses, not simply whether the physical locations exist. In two parallel Glimpse actions, the investigator physically visited the listed addresses, but the courts nevertheless found the addresses "not known" because Defendants could not be verified at those locations.

There is no basis for a different result here. Although counsel repeatedly asserts that the addresses are "authentic," that Defendants "conduct business" there, and that the absence of signage is supposedly common among Chinese e-commerce sellers, Defendants submit no declaration from either Defendant or anyone with personal knowledge supporting any of those factual assertions. Those unsupported assertions of counsel do not overcome Plaintiff's investigator's actual findings at the locations. *See Lee v. Chicago Youth Centers*, 69 F. Supp. 3d 885, 888 (N.D. Ill. 2014) ("[U]nsupported statements of lawyers in briefs are not evidence, do not count, and are given no weight."); *Pearson v. United Debt Holdings, LLC*, 123 F. Supp. 3d 1070, 1074 (N.D. Ill. 2015) ("Unsworn statements by attorneys in briefs are not evidence on which the

Court can rely.”). Indeed, “[a]n argument is waived by failure to properly support and develop in the brief the factual basis essential to its disposition.” *Lee*, 69 F. Supp. 3d at 888 (citing *Morgan v. South Bend Community School Corp.*, 797 F.2d 471, 480 (7th Cir.1986)).

## III. CONCLUSION

Because Plaintiff has shown, and Defendants have failed to rebut, that Defendants' addresses are unknown despite Plaintiff's reasonably diligent efforts to ascertain and verify them, the Hague Convention does not apply, and the Court should grant electronic service under Rule 4(f)(3).

November 18, 2026

Respectfully Submitted,

_____________________________

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Ying Chen (IL Bar No. 6346961)
Flener IP Law, LLC
77 West Washington Street, Suite 800
Chicago, Illinois 60602
(312) 724-8874
jjudge@fleneriplaw.com

Marko R. Zoretic (CA Bar. No. 233952)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502
Marko.zoretic@knobbe.com

*Counsel for Plaintiff Glimpse LLC*